FILED

**NOT FOR PUBLICATION**

DEC 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT SINGH, | No. 06-74678 |
| Petitioner, | |
| v. | Agency No.   A071-947-948 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 2, 2010
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and DUFFY, District Judge.[**]

Paramjit Singh ("Singh"), a native and citizen of India, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming an

Immigration Judge's ("IJ") decision to deny Singh's application for asylum,

withholding of deportation, and relief under the Convention Against Torture

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

("CAT"). Singh contends that the BIA's adverse credibility determination and the IJ's finding that he failed to establish persecution on a protected ground were not based on substantial evidence. We deny the petition.

We review for substantial evidence a finding of adverse credibility. Wang v. INS, 352 F.3d 1250, 1253 (9th Cir. 2003). An adverse credibility determination will be upheld when the decision is based on "specific and cogent reasons," such as inconsistencies in the petitioner's testimony that "go to the heart of the asylum claim." Kin v. Holder, 595 F.3d 1050, 1055 (9th Cir. 2010). We must uphold the IJ's and BIA's findings unless the evidence presented would compel a reasonable finder of fact to reach a contrary result. See Don v. Gonzales, 476 F.3d 738, 741 (9th Cir. 2007).

The inconsistencies in Singh's testimony regarding his arrests go to the heart of his claim of persecution and are substantial. See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir. 2001).

In his initial application in 1991, Singh listed only a single arrest in 1984 while living in India, while in his subsequent testimony, Singh stated that he had been arrested three times between 1984 and 1986. There were also discrepancies between Singh's testimony and his personal statement as to when his second arrest occurred.

2

Singh also submitted to the IJ a letter from his wife that mentioned only two arrests during that same period. Singh's explanation for the discrepancy--that the missing arrest was not in the newspaper, and that he and his wife were only engaged at the time and just never talked about it--does not compel the conclusion that he is credible. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir. 2003).

Absent credible testimony, Singh's asylum and withholding of removal claims also fail. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

For the foregoing reasons, the petition is DENIED.

*Singh v. Holder*, No. 06-74678

PAEZ, Circuit Judge, dissenting:

In reviewing the Board of Immigration Appeals' (BIA) ruling affirming the Immigration Judge's (IJ) credibility finding, we "independently evaluate each ground cited by the BIA" and decide whether there is substantial evidence to support the finding. *Chen v. I.N.S.*, 266 F.3d 1094, 1098 (9th Cir. 2001), *overruled on the other grounds by INS v. Ventura*, 537 U.S. 12 (2002). Although this standard is deferential, "[t]he BIA must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Shah v. I.N.S.*, 220 F.3d 1062, 1067 (9th Cir. 2000) (internal quotations omitted).

Here, the basis for the adverse credibility finding was 1) Singh's testimony regarding the date of his second arrest in relation to the 1984 Golden Temple attack and 2) the fact that a letter submitted by Singh's wife did not mention his second arrest. Neither of these grounds provides substantial evidence to support an adverse credibility finding.

First, there is no inconsistency arising from Singh's testimony about his second arrest. Although Singh admittedly described his arrest as happening 'during' the attack and later testified that he was arrested 'a week before' the attack, these were consistent, albeit differently-worded, descriptions of the arrest in

relation to a week-long, chaotic event.

Second, the omission of Singh's second arrest from his wife's letter also fails to support the IJ's credibility finding. The omission does not directly contradict Singh's testimony in any way. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002) (rejecting an adverse credibility determination where petitioner's testimony mentioned injuries that a physician's letter did not). Further, neither the IJ nor the BIA gave specific, cogent reasons why the omission affected Singh's credibility. The only proffered explanation was the IJ's assumption that Singh's wife would have known about the second arrest, but "[s]peculation and conjecture cannot form the basis of an adverse credibility finding." *Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) (quoting *Shah*, 220 F.3d at 1071).

Moreover, Singh gave a reasonable explanation for the inconsistency, an explanation that both the IJ and BIA dismissed only in passing. When a petitioner offers an explanation for a factual inconsistency, however, the BIA must "address in a reasoned manner the explanations that [the petitioner] offers for these perceived inconsistencies." *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009)(internal quotations omitted). The BIA's conclusion that Singh's explanation is 'simply not plausible' has no support in the record. The BIA offers no reasons for its conclusion that Singh's wife, to whom he was engaged but not living with, must have known about his second arrest. The BIA unjustifiably cast aside

Singh's testimony that he did not discuss the second arrest with his wife in an attempt to put the incident behind him.

The majority also inexplicably finds support for the IJ's adverse credibility finding by looking to other inconsistencies in Singh's declarations and testimony. Those inconsistencies were never cited by the BIA or the IJ. The majority expands the scope of its review to the entire factual record rather than focusing, as the law requires, on a review of the sufficiency of the BIA's stated grounds. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010) ("Our review focuses solely on the actual reasons relied upon for the adverse credibility determination.").

Because I would conclude that the adverse credibility finding is not supported by substantial evidence, I would grant the petition for review and remand with directions to the agency to address the merits of Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture. I therefore respectfully dissent.